## Liachowitz Estate

*Leonard R. Apfelbaum* and *James P. Bohorad*, for petitioners.

TROUTMAN, J., January 10, 1949.—This proceeding arises on a citation issued upon the petition of Aaron T. Liachowitz and Milton S. Teicher, executors of the last will and testament of Dora Liachowitz, deceased, to show cause why additional compensation should not be paid to them for their services and for their extraordinary services as executors of said estate and for the allowance of a sum for personal expenses incurred by them in the administration of said estate.

Decedent, Dora Liachowitz, died on February 13, 1948, leaving a last will and testament which was duly probated in the office of the Register of Wills in and for Northumberland County and petitioners duly qualified as her executors on February 26, 1948.

Under "Item 24" of the said last will and testament, it is provided as follows:

"I nominate, constitute and appoint Milton S. Teicher and Dr. Aaron T. Liachowitz, or the survivor of them, to be. the executors of this, my last will and testament, the former at a commission or executor's fee of one thousand ($1,000) dollars and the latter at a commission or executor's fee of five hundred ($500.00) dollars in testimony thereof."

The executors, petitioners herein, pray the court to award them additional compensation as well as expenses incurred because of the extraordinary services which they were compelled to perform in the settlement of said estate, notwithstanding the provisions of "Item 24" of decedent's will.

The citation was directed to be served by United States registered mail upon all of the parties in interest together with a copy of said petition. At the hearing, proofs of service on the legatees were introduced into the record, no legatees or other persons interested in the said will appeared and according to the testimony of petitioners, in respect to those legatees who had been contacted personally, there was no objection to the

award of additional compensation on their part. Testimony was taken on the petition and it was developed that the gross personal estate of decedent amounted to $64,134.40; that all of the legatees and charitable and religious institutions designated in decedent's last will and testament will receive their legacies in full and that the award of additional compensation to the executors will in no way diminish said specific bequests.

It is well settled that executors who qualify as such and enter upon the settlement of a decedent's estate are ordinarily bound by the provisions of the will in respect to compensation. Courts are reluctant to allow commissions in excess of that provided under the will unless the said executors have been compelled to perform extraordinary services: Alderfer's Estate, 56 Montg. 172.

According to the testimony, testatrix was a widow who had conducted her affairs personally and who had travelled from place to place frequently. After the executors qualified, it was necessary for them to spend considerable time collecting the assets of decedent, particularly those pertaining to items of personal property. This entailed a great deal of time searching through numerous boxes and packages belonging to decedent. The will contained 25 bequests of personal property, 31 bequests of cash to individuals and 12 charitable bequests or a total of 68 individual, itemized bequests. Numerous bequests were made to various individuals by name and there were numerous bequests to children of relatives, without naming the said children. The will did not specify the place of residence of the legatees and its was necessary for the executors to spend a tremendous amount of time on investigations in order to locate those who were entitled to participate under the will.

The court is firmly convinced that the administration of this estate necessitated the performance of unusual

services on the part of the executors. We have carefully read the will and appreciate the tremendous volume of work necessary to determine not only the individual legatees but also some of the religious and charitable institutions who are named as legatees under the will and further, we are of the opinion that the executors had no way of determining the extraordinary services involved in the administration of this estate prior to qualifying as such. We feel that it would be grossly unjust to insist that petitioners, who have so ably conducted themselves as executors, should be limited to the comparatively small sums of money provided under the will for their services.

The will provides for compensation in the sum of $1,000 to Milton S. Teicher and the sum of $500 to Aaron T. Liachowitz or a total sum of $1,500. Considering the size of the estate, the extraordinary services involved in collecting the assets thereof and the numerous bequests and the difficulties which beset the executors in determining the identity and residence of the legatees, we are of the opinion that the said executors should be awarded the sum of $3,500 in addition to the amounts provided for under "Item 24" of the said last will and testament of decedent, as fair and just compensation for services performed in settling the estate.

The executors also pray the court for an award for personal expenses incurred by them, the executor, Aaron T. Liachowitz, testifying that he spent the sum of $410 for traveling and other personal expenses incurred in the performance of his services and the executor, Milton S. Teicher, testifying that he incurred traveling and personal expenses in the performance of his duties in the sum of $260. We are of the opinion that if these expenses are justifiable, the executors may take credit for them in their executors' account with-

out having the court, at this time, prejudge the reasonableness of these charges.

## Order

And now, to wit, January 10, 1949, the rule to show cause why the executors, Aaron T. Liachowitz and Milton S. Teicher, should not be awarded an additional sum as compensation for extraordinary services rendered as executors of the estate of Dora Liachowitz, deceased, is made absolute and the executors are awarded the sum of $3,500 as compensation as executors of said estate in addition to the sum of $1,500, provided for as compensation for the aforementioned executors under the last will and testament of decedent.